IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DALI WIRELESS, INC.,<br>*Plaintiff*<br><br>-vs-<br><br>ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, VERIZON CORPORATE SERVICES GROUP., INC., VERIZON ONLINE LLC, CELLCO PARTNERSHIP,<br>*Defendants.* | § § § § § § § § § § § § § | 6:22-CV-01313-ADA |

## ORDER GRANTING DEFENDANTS' MOTION TO SEVER AND STAY

Came for consideration is Defendants' Motion to Sever and Stay filed on October 12, 2022. ECF No. 10. In this Motion, Defendants first ask the Court to sever for misjoinder the claims against the three supplier Defendants: (1) CommScope Holding Company, Inc., CommScope Inc. and CommScope Technologies LLC (collectively, "CommScope"); (2) Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"); and (3) Corning, Inc. and Corning Optical Communications LLC (collectively, "Corning"). *Id.* at 1. Defendants also ask the Court to sever and stay the proceedings against Defendants Cellco Partnership d/b/a Verizon Wireless, Verizon Corporate Services Group Inc., and Verizon Online LLC (collectively, "Verizon") under the customer-suit exception, pending the resolution of the supplier suits against CommScope, Ericsson, and Corning. *Id.* Plaintiff Dali Wireless, Inc. ("Dali") filed its response on October 26, 2022. ECF No. 12. Defendants filed a reply in support of their motion on November 2, 2022. ECF No. 14.

During the briefing on the instant Motion, Plaintiff Dali and Defendants stipulated to severance of the actions against the three supplier Defendants. *Dali Wireless, Inc. v. Cellco P'ship,*

1

*et al.*, No. 6:22-cv-00104-ADA (W.D. Tex. Oct. 26, 2022), ECF No. 77. The Court severed the case against the three supplier Defendants and Verizon was named a customer Defendant in each action. *Dali Wireless, Inc. v. Cellco P'ship, et al.*, No. 6:22-cv-00104-ADA (W.D. Tex. Dec. 27, 2022), ECF No. 95.

After considering the parties' briefing, the relevant facts, and the applicable law, the Court **GRANTS** Defendants Ericsson and Verizon's Motion to Sever and Stay the proceedings against Verizon in this case. The Court finds that Defendants CommScope, Ericsson, and Corning's Motion to Sever for Misjoinder is **MOOT** in view of the stipulation to sever the actions against the supplier Defendants.

## I.   BACKGROUND

Dali filed an action against Defendants on January 27, 2022. ECF No. 1. The complaint alleges infringement of U.S. Patent Nos. 11,026,232 ("'232 patent"), 10,334,499 ("'499 patent"), 11,006,343 ("'343 patent"), and 8,682,338 ("'338 patent") (collectively, the "asserted patents"). *Id.* ¶ 1.

As for Defendant Ericsson, the complaint alleges that Ericsson infringes the asserted patents "through use of its Radio Dot system both in Verizon's LTE and 5G networks and in connection with Ericsson's course-of-business operations." *Id.* ¶¶ 3, 5, 7, 9. With respect to the accused products in this case, the complaint alleges that Verizon infringes the asserted patents "by deploying, operating, maintaining, testing, and using Ericsson's Radio Dot system in its LTE and 5G networks." *Id.* ¶¶ 3, 5, 7, 9.

Defendants Ericsson and Verizon filed this Motion to sever Dali's claims against Verizon and to stay those claims pending the resolution of Dali's infringement claims against Ericsson. ECF No. 10 at 1.

## II.     LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254−55, (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365−66 (Fed. Cir. 2014).

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The Federal Circuit has applied the customer-suit exception to cases in which the supplier and customer are named as defendants in the same case. *Nintendo*, 756 F.3d at 1365.

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[]

3

proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365−66 (determining that the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer-suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

### III.   ANALYSIS

#### A.   Customer-Suit Exception

Dali argues that the customer-suit exception does not apply to this case because Verizon and Ericsson are joined in one action in a single forum. ECF No. 12 at 2. Dali argues that the customer-suit exception only applies where there is a separate, first-filed action against the alleged customer pending in a different forum. *Id.* at 4. In their reply, Defendants argue "[w]hether viewed

through the lens of Rule 21 or the customer-suit exception, . . . the Court has broad discretion to stay Dali's claims against Verizon to promote judicial efficiency." ECF No. 14 at 1. Defendants note that *In re Nintendo*, a leading Federal Circuit case on the customer-suit exception, involved allegations made against manufacturer and customer defendants in the same suit. *Id.* at 1−2.

"While the circumstances of this case differ from those of the customer-suit exception, . . . the same general principles govern." *In re Nintendo*, 756 F.3d at 1365. While the Court agrees with Dali that the circumstances of this case do not align with the traditional application of the customer-suit exception, the Court applies the same general principles to determine whether severing and staying the claims against Verizon is appropriate. For the reasons below, the Court concludes that severing and staying the claims against Verizon is appropriate because: (1) Dali's claims of infringement against Verizon are based primarily on Verizon's use of the accused Ericsson Radio Dot system; (2) Verizon has agreed to be bound by the outcomes of the claims against Ericsson; and (3) Ericsson is the only source of the accused product.

          1.        <u>Whether the Customer Defendant Is Merely a Reseller</u>

Defendants argue that Verizon is mere end-user of the accused Ericsson Radio Dot system. ECF No. 10 at 9. Defendants argue that a stay is appropriate because resolving the claims against Ericsson will resolve most, if not all, claims against Verizon related to the Ericsson Radio Dot system. *Id.* Defendants note that the infringement contentions against Verizon for use of the Ericsson Radio Dot system are identical to the infringement contentions against Ericsson. *Id.* Defendants argue that none of the allegations in the infringement contentions are specific to Verizon's use of the Radio Dot system. *Id.* at 10. Defendants also note that Ericsson has "possession, custody, and control of the factual information" related to the "design, manufacture, and operation of the accused products." *Id.* at 11. Defendants claim that Verizon has no essential

knowledge of the design and manufacture of the accused products. *Id.* Even if Verizon has any relevant information, it agrees to cooperate in providing limited discovery in this case. *Id.*

In response, Dali argues that Verizon is not a mere reseller. ECF No. 12 at 2. Dali argues that there are two sets of claims in this case: (1) claims against Ericsson for manufacturing the accused product and (2) claims against Verizon for deploying, operating, maintaining, testing, and using its own networks, which include the accused product. *Id.* Dali also argues that its claims against Ericsson and Verizon are not identical. *Id.* Dali asserts that because at least some of the asserted claims include "configured to" language, Verizon's involvement in the configuration of the accused products may bear on infringement in this case. *Id.* Dali argues that Defendants fail to explain whether Verizon "configures or requests configuration when those products are deployed in Verizon's networks." *Id.* at 6. Dali argues that Verizon is not a mere reseller because it does not "sell" Ericsson's accused product; instead, Verizon incorporates Ericsson's product into Verizon's own systems. *Id.* at 6–7.

The Court agrees with Dali that Verizon is "more than [a] mere reseller[]." *Sonrai Memory Ltd. v. Samsung Elecs. Co.*, 2022 U.S. Dist. LEXIS 32294, at *9 (W.D. Tex. Feb. 24, 2022). But as this Court has previously explained, a stay of claims against a customer may be appropriate where there is "significant overlap" between the infringement contentions against the manufacturer and the customer. *Id.* (quoting *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014)). Here, Dali's infringement contentions against Ericsson and Verizon are identical. ECF No. 10, Ex. C. Dali does not allege that any of the claim limitations are met by an act or component from Verizon. Rather, Dali's infringement case against Ericsson is identical to Dali's infringement case against Verizon. For that reason, the Court concludes that this factor favors a stay of Dali's claims against Verizon.

6

### 2. Whether Verizon Agrees to Be Bound by the Outcome of the Ericsson Claims

Verizon agrees to be bound by the outcome of Dali's claims against Ericsson. ECF No. 10 at 12. Verizon agrees that "[t]o the extent there are remaining issues to be decided following the conclusion of Dali's case[] against [Ericsson], Verizon agrees to be bound by a Court's findings as to infringement applicable to the products at issue." *Id.* Verizon also "agrees to be bound by any invalidity determination actually adjudicated by a Court." *Id.* Dali argues that Verizon's agreement here is not dispositive. ECF No. 12 at 9. Further Dali claims that because Verizon has not agreed to be bound by every determination that this Court might make on the essential issues as the case progresses, this factor weighs against staying Dali's claims against Verizon. *Id.*

Because Verizon agrees to be bound by the Court's determinations of infringement and invalidity, the Court finds that this factor favors severing and staying the action against Verizon.

### 3. Whether Ericsson Is the Only Source of the Accused Product

Defendants argue that this factor favors staying the claims against Verizon because Dali's infringement allegations are based on Verizon's use of Ericsson's Radio Dot system. ECF No. 10 at 13. Defendants argue that "this is not a case where other manufacturers are alleged to supply Verizon with any portion of the accused instrumentalities." *Id.* For this reason, Defendants claim that resolving Dali's claims against Ericsson will resolve Dali's claims against Verizon for Verizon's use of Ericsson's Radio Dot system. *Id.* In response, Dali argues that this factor weighs against a stay because Dali's claims against Ericsson differ from its claims against Verizon with respect to the method claims asserted. ECF No. 12 at 8. Dali argues that its infringement allegations against Ericsson relate to Ericsson's testing of the accused product, but the allegations against Verizon relate to Verizon's operation of LTE and 5G networks. *Id.* Dali further argues that Verizon may configure the Radio Dot system in a different way than Ericsson does. *Id.*

The Court concludes that this factor weighs in favor of severing and staying the action against Verizon. While Dali has accused Verizon of infringing the asserted patents through its operation of LTE and 5G networks, the basis of Dali's infringement claims in this case is Verizon's use of Ericsson's Radio Dot system. Dali's infringement contentions are identical for both Ericsson and Verizon. Dali does not allege in its complaint or in the infringement allegations that Verizon infringes the asserted patents independently of Ericsson's Radio Dot system. Verizon's liability in this case is dependent on whether Ericsson's Radio Dot system infringes. Thus, the Court determines that this factor weighs in favor of severing and staying the action against Verizon.

### B. Traditional Stay Factors

The Court gives great weight to the three factors considered under the customer-suit exception. But, for the sake of completeness, the Court considers the traditional stay factors and rejects Plaintiff's concerns as to each.

#### 1. Whether Dali Is Unduly Prejudiced by a Stay

Defendants argue that Dali will not be harmed or unduly prejudiced by a stay of the claims against Verizon. ECF No. 10 at 14. Defendants argue that "Dali's claims against Verizon will be resolved by resolution of the same claims against" Ericsson. *Id.* Because Dali cannot recover twice from both Ericsson and Verizon, Defendants argue "any recovery Dali may obtain from [Ericsson] will exhaust the claims as to the downstream customer such as Verizon." *Id.* In response, Dali claims that it will be prejudiced by a stay of the claims against Verizon because the "infringement claims against Verizon have a different scope than [Dali's] claims against [Ericsson]." ECF No. 12 at 10. Dali argues that Verizon will play a significant role in fact discovery. *Id.* Dali also claims that Verizon has failed to explain whether it is involved in the configuration of the accused product. *Id.*

The Court finds that this factor weighs in favor of a stay. A stay in this case—where the accused product comes from the remaining defendant—does not significantly delay Dali from litigating the question of infringement. Further, while Dali alleges that Verizon may possess relevant evidence, the customer-suit exception is premised on the principle that the bulk of the relevant evidence comes from the supplier of the accused product, not the customer. Additionally, Verizon has agreed to participate in limited discovery in this case. ECF No. 10 at 11. Thus, a stay of the claims against Verizon is appropriate in this case.

2. <u>Whether a Stay Would Simplify the Issues in this Case</u>

Defendants argue that a stay of the claims against Verizon will simplify the issues in this case because the Court can conserve its judicial resources to focus on Ericsson, the party that designs, develops, and manufactures the accused Radio Dot system. ECF No. 10 at 15. Dali argues that the stay will not simplify the issues in the case because Verizon's involvement in configuring the accused products will still need to be resolved. ECF No. 12 at 3.

The Court finds that this factor weighs in favor of a stay. As discussed above, the outcome of Dali's claims against Ericsson will "resolve the 'major issues' concerning the claims against the customer." *Spread Spectrum*, 657 F.3d at 1358. While some of Dali's claims against Verizon may persist, the issues will be greatly simplified by first resolving the claims against Ericsson.

3. <u>Whether Discovery Is Completed and Whether a Trial Date Has Been Set</u>

Defendants argue that these factors also favor a stay because this case is in its infancy. ECF No. 10 at 16. In response, Dali argues that the stage of litigation does not favor a stay. ECF No. 12 at 3. Dali argues that the trial date has been set. *Id.* at 13. Further, the Markman hearing is set to occur on January 30, 2023. ECF No. 27.

The Court finds that these factors do not weigh in favor of a stay because a trial date has been set and discovery began on December 13, 2022. ECF No. 7 (setting the trial date set for December 8, 2023 and the opening of fact discovery for December 13, 2022). However, because the case is still in the early stages of litigation, the Court finds that this factor does not weigh heavily against a stay.

## IV.   CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Sever for Misjoinder is **MOOT**. It is further **ORDERED** that Defendants' Motion to Sever and Stay Dali's claims against Verizon is **GRANTED**. The Court's Clerk is directed to sever the claims against Verizon, but Verizon will remain in this action for the limited purpose of allowing Dali to conduct discovery. In the severed action against Verizon, the Court's Clerk is directed to include Plaintiff's Complaint (ECF No. 1), Notice of Filing of Patent/Trademark Form (ECF No. 2), Verizon's Answer (ECF No. 3), Notice of Joint Case Readiness Status Report (ECF No. 6), Claim Construction Briefing (ECF Nos. 8, 11, 13, 16, 17, 24, 26), Protective Order (ECF No. 9), Order Appointing Technical Advisor (ECF No. 14), and this order. The Court's Clerk is directed to stay the severed action against Verizon.

**SIGNED** this 30th day of January, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE